889 P.2d 840

**In the Matter of W. Eugene HERKEN-HOFF, An Attorney Disbarred from the Practice Before the Courts of the State of New Mexico.**

**No. 21718.**

Supreme Court of New Mexico.

Feb. 10, 1995.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

W. Eugene Herkenhoff, pro se.

## OPINION

PER CURIAM.

■ This matter came before the Court after supplemental proceedings conducted by the disciplinary board at the Court's request to determine whether further discipline should be imposed against W. Eugene Herkenhoff for his continued failure to abide by this Court's orders that he comply with the provisions of Rule 17–212, of the Rules Governing Discipline, SCRA 1986, 17–101 to –316 (Repl.Pamp.1991 & Cum.Supp.1994).

On December 22, 1993, this Court suspended Herkenhoff from the practice of law for an indefinite period not to exceed two (2) years but deferred the imposition of the suspension and placed him on probation for a minimum period of twelve (12) months on certain terms and conditions. *In re Herkenhoff,* 116 N.M. 622, 866 P.2d 350 (1993). Within a matter of months, Herkenhoff refused to cooperate with his supervisor and violated several other conditions of his probation. After a subsequent proceeding before this Court conducted pursuant to Rule 17–206(G), Herkenhoff's probation was revoked as was the deferred status of suspension and respondent was indefinitely suspended from the practice of law on May 18, 1994. In its order of suspension, the Court directed Herkenhoff to comply with Rule 17–212, which sets forth the responsibilities of resigned, disbarred, or suspended attorneys to notify all clients, opposing counsel, and courts and administrative agencies before which the attorney has matters pending on the effective date of the resignation, disbarment, or suspension on a form prescribed by the Disciplinary Board. Notices are to be sent by registered or certified mail, return receipt requested.

Rule 17–212 further requires that within ten (10) days of the effective date of the resignation, disbarment, or suspension, the attorney must file with this Court an affidavit stating that he or she has complied with the provisions of both the order and Rule 17–212 and has served a copy of the affidavit upon disciplinary counsel; copies of the letters sent must be filed with the affidavit. The attorney also must provide the Court with a residence or other address where communications may be sent to him or her and continue to file registration statements pursuant to Rule 17–202 for a period of five years.

The purpose of Rule 17–212 is to insure that an attorney's closure of his or her practice after resigning or losing his or her license to practice is accomplished in an orderly manner and with as little inconvenience as possible to clients and others. Compliance with the rule permits this Court to assure the public that an attorney will not continue to practice law after becoming unlicensed and to assist in locating the attorney in the event complaints are made about his or her conduct while still in practice. An attorney's failure to follow the requirements of the rule gives rise to a concern that he or she may be continuing to practice law in violation of Court rules and to the detriment of clients and the orderly administration of justice.

Upon receipt of the Court's May 18, 1994, order, disciplinary counsel wrote to Herkenhoff drawing his attention to the requirements of Rule 17–212 and suggesting that his compliance on or before June 6, 1994, would be acceptable, due to delays in the mail and her own belated receipt of the order. She enclosed for his use a copy of the board-approved letter for his use in notifying clients, opposing counsel, and courts of his suspension. Herkenhoff's only response was a vituperative letter to disciplinary counsel wherein he referred to her request as a "personal insult" to himself and his clients, berated the disciplinary board for its "abusive actions" against him, and rejected her suggestion that he comply with Rule 17–212 by June 6, 1994. He did not file an affidavit of compliance then or at any time since.

On June 14, 1994, disciplinary counsel brought Herkenhoff's non-compliance with Rule 17–212 to the attention of the Court by way of a verified motion for order to show

cause pursuant to her responsibilities under Rules 17–206(G) and 17–212(F). The Court ordered Herkenhoff to respond in writing to the motion on or before July 14, 1994. Herkenhoff filed a lengthy and rambling response that outlined his dissatisfaction with the disciplinary board, his former probationary supervisor, persons who had filed complaints against him, and the office of disciplinary counsel, but which failed to address allegations that he had not complied with this Court's May 18 order or the requirements of Rule 17–212.

On July 21, 1994, after considering Herkenhoff's response, the Court found him in contempt of its May 18 order and allowed him until August 4, 1994, to file his affidavit of compliance with Rule 17–212 or face further proceedings before the disciplinary board to determine whether further sanctions should be imposed against him. When no affidavit was filed on August 4, the matter was remanded to the board.

A hearing was scheduled for October 5, 1994, with all parties receiving written notice of the hearing on August 30, 1994. Herkenhoff did not appear at the hearing and submitted no evidence to suggest that his failure to comply with this Court's orders was in any way justified. The disciplinary board panel found that Herkenhoff was still in contempt of this Court's orders and that his actions were willful and inexcusable. The panel recommended to the Court that Herkenhoff be fined and disbarred and that certain preconditions be placed on any application for permission to apply for reinstatement that he might file in the future.

■ We agree that further sanctions are warranted in this instance. Attorneys, even though suspended, are still subject to the jurisdiction of this Court and are required to follow our rules in closing their practices. Simply because one is suspended, his or her duties to courts and clients do not immediately cease. Attorneys who choose to ignore this Court's directions in this regard undermine the authority of this Court and do so at their peril. We therefore adopt the board's recommendations with one exception.

The board recommended that any application by Herkenhoff for permission to apply for reinstatement be accompanied by the affidavit of a licensed psychologist or psychiatrist that Herkenhoff had been examined and/or treated and was "not suffering from any mental condition which would impair his ability to recognize authority, accept criticism, or otherwise be unable mentally to engage in the practice of law." Although we agree with the Board that there is reason for concern regarding Herkenhoff's current mental stability, we feel that this issue would be best addressed in depth at any hearing that might one day be held pursuant to a grant of permission to apply for reinstatement. At such a hearing, Herkenhoff would have the burden of demonstrating by clear and convincing evidence that he was, among other things, once again fit to resume the practice of law without detriment to the integrity and standing of the bar, the administration of justice, or the public interest. *See* SCRA 1986, 17–214(E). In this instance, such a showing would of necessity involve careful scrutiny of Herkenhoff's mental condition.

IT IS THEREFORE ORDERED that W. Eugene Herkenhoff be, and he hereby is, disbarred from the practice of law pursuant to SCRA 1986, 17–206(A) and (G) effective January 4, 1994.

IT IS FURTHER ORDERED that Herkenhoff be fined for his contemptuous refusal to abide by the conditions of Rule 17–212 and the Court's orders of May 18, 1994, and July 21, 1994, at the rate of ten dollars ($10.00) per day from August 4, 1994, through January 4, 1995, for a total fine of $1,540.00, which will bear interest at the rate of fifteen percent (15%) per annum until paid.

IT IS FURTHER ORDERED that, regardless of elapsed time under Rule 17–214(A), no application by Herkenhoff for permission to apply for reinstatement may be filed until all costs, fines, and interest thereon have been paid by him.

IT IS FURTHER ORDERED that this opinion be published in the *Bar Bulletin* and *New Mexico Reports.*

Costs of the supplemental proceeding in the amount of $78.51 are assessed against

Herkenhoff and shall be paid to the disciplinary board by March 1, 1995, or thereafter bear interest at the rate of fifteen percent (15%) per annum.

IT IS SO ORDERED.

/s/ Joseph F. Baca
Joseph F. Baca, Chief Justice

/s/ Richard E. Ransom
Richard E. Ransom, Justice

/s/ Gene E. Franchini
Gene E. Franchini, Justice

/s/ Stanley F. Frost
Stanley F. Frost, Justice

/s/ Pamela B. Minzner
Pamela B. Minzner, Justice