903 P.2d 237

**In the Matter of Victor R. RUYBALID, An Attorney Suspended From the Practice of Law Before the Courts of the State of New Mexico.**

No. 22207.

Supreme Court of New Mexico.

Oct. 11, 1995.

Sally E. Scott, Deputy Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Edward F. Benavidez, Albuquerque, for Respondent.

## OPINION

**PER CURIAM.**

For the second time in this disciplinary proceeding, this Court considered a verified motion for order to show cause filed by disciplinary counsel pursuant to SCRA, 1986 17–206(G). The initial show cause proceeding found Victor R. Ruybalid in contempt of this Court for failing to comply with the conditions of probation imposed in our August 18, 1994, order. In May 1995, Ruybalid was suspended indefinitely by this Court as the sanction for that contempt. The show cause proceeding now before us addresses Ruybalid's failure to comply with the requirement of SCRA 1986, 17–212, that he give notice of his suspension to "all clients being represented by him in pending matters."

Disciplinary counsel's show cause motion reflects that a letter sent to Ruybalid the day after he was suspended apprised him of his responsibility to give notice of his suspension to clients, courts, and opposing counsel, and to file an affidavit of compliance with this Court within ten (10) days after the effective date of his suspension. The verified motion alleges that Ruybalid failed to give notice

496

and failed to file the required affidavit of compliance. Attached to the motion were documents showing that Ruybalid was still listed as counsel of record in a domestic relations case pending in the First Judicial District. By way of a supplemental exhibit, disciplinary counsel submitted the affidavit of Assistant United States Attorney James T. Martin. Mr. Martin attested that, in July 1995, Ruybalid participated in negotiations with Martin to determine the amount of restitution Ruybalid's client would be required to make in connection with a federal criminal diversion program.

In answer to the show cause motion, Ruybalid admitted receiving a letter from disciplinary counsel advising him of his responsibility to give notice of his suspension. Attached to the answer were copies of a motion to withdraw and order of withdrawal filed in the First Judicial District domestic relations case three weeks after the show cause motion was filed and three months after Ruybalid was suspended. Ruybalid then filed an affidavit of compliance that stated he had complied with Rule 17–212 by withdrawing as counsel of record in all matters in which he had appeared as of the date he was suspended.

At the hearing on the show cause motion, Ruybalid's counsel advised the Court that Ruybalid's business, unrelated to the practice of law, closed the same week he was suspended and that Ruybalid was unable to comply with his notice obligations because he was depressed. His counsel also maintained Ruybalid had not negotiated with Assistant United States Attorney Martin but had only confirmed matters negotiated prior to his suspension. It was conceded that Ruybalid did not inform Martin that he had been suspended. Ruybalid also asserted that he had not given written notice to his client in the domestic relations case because she is his girlfriend.

 The Court finds that Ruybalid is once again in contempt of this Court for failing to comply with the notice requirements of Rule 17–212 and for engaging in the practice of law while suspended. He neither gave notice to the required persons nor did he file an affidavit of compliance in a timely fashion. The affidavit he belatedly filed does not demonstrate compliance; Rule 17–212 requires much more than the filing of motions to withdraw. Nothing in Ruybalid's answer or the oral argument made on his behalf excuses his failure to comply with his obligation to give the required notice of his suspension. It is not the attorney's responsibility to decide who needs to receive the required notice and who does not. The attorney's responsibility is to comply fully with the Court's rule. As we have previously noted,

> [a]ttorneys, even though suspended, are still subject to the jurisdiction of this Court and are required to follow our rules in closing their practices. Simply because one is suspended, his or her duties to courts and clients do not immediately cease. Attorneys who choose to ignore this Court's directions in this regard undermine the authority of this Court and do so at their peril.

*In re Herkenhoff,* 119 N.M. 232, 234, 889 P.2d 840, 842 (1995).

Similarly, an attorney who has been suspended or disbarred by this Court undertakes communications about the substance of a client's case at his or her own peril. A suspended or disbarred attorney has no authority to take any action on a client's behalf, other than to immediately take steps to inform clients, courts, and opposing counsel of the suspension or disbarment. Presumably, once notified, the court before whom a client's matter is pending will provide the client an opportunity to obtain new counsel. Opposing counsel should provide the same opportunity to a party whose attorney has given notice of suspension or disbarment. The purpose of attorney discipline is the protection of the public; it is not intended that a client will be prejudiced because his or her attorney has been suspended or disbarred.

 The Court further finds that additional sanctions should be imposed. The May 24, 1995, order of suspension provided that Ruybalid would be automatically reinstated upon a showing that he had complied with all conditions of the prior order of discipline.

The automatic reinstatement provision hereby is revoked. In addition, Ruybalid must completely satisfy the notice requirements of Rule 17–212 within thirty days from August 30, 1995, and his failure to do so will result in the imposition of additional sanctions. If he complies fully with Rule 17–212, Ruybalid will be indefinitely suspended for a minimum of six months from August 30, 1995. Thereafter, if Ruybalid wishes to resume the practice of law, he must comply fully with the conditions of the original order of discipline, issued August 18, 1994, and he must apply for reinstatement as provided in SCRA 1986, 17–214(B)(2). The petition will be referred to the disciplinary board for hearing and recommendation on the question of whether Ruybalid is fit to resume the practice of law.

We have previously noted that "[a] license to practice law is a privilege." *In re Reid*, 116 N.M. 38, 40, 859 P.2d 1065, 1067 (1993). Rule 17–205 specifically states that "[i]t is the duty of every recipient of the conditional privilege to practice law to conduct himself at all times, both professionally and personally, in conformity with the standards imposed upon members of the bar as conditions for that privilege." Ruybalid has not conducted himself in conformity with those standards. He failed to comply with the Court's rules on attorney trust accounts, which resulted in the original discipline imposed. He failed to comply with the conditions of probation, which resulted in an indefinite suspension. He failed to comply with the Court's requirements for providing notice of suspension, which has resulted in the revocation of the automatic reinstatement provision in the May 1995 order. Should Ruybalid apply for reinstatement, he must be prepared to demonstrate, by clear and convincing evidence, that he will comply with all rules of this Court governing the practice of law.

IT IS THEREFORE ORDERED that the order issued May 24, 1995, which provides for automatic reinstatement upon Ruybalid's satisfaction of the conditions imposed in the original discipline (August 18, 1994, order) hereby is amended to revoke the automatic reinstatement provision.

IT IS FURTHER ORDERED that Ruybalid shall comply with Rule 17–212 within thirty (30) days from August 30, 1995, and any failure to do so shall result in the imposition of additional sanctions.

IT IS FURTHER ORDERED that should Ruybalid comply with the provisions of Rule 17–212 within the thirty-day period, he shall be indefinitely suspended for a minimum of six (6) months from August 30, 1995.

IT IS FURTHER ORDERED that Ruybalid may apply for reinstatement after the expiration of the six-month suspension period after showing compliance with all conditions imposed in the August 18, 1994, order, as modified by the May 24, 1995, order, and that any application for reinstatement shall be referred to the disciplinary board for fact finding on the issue of whether Ruybalid is fit to practice law.

IT IS SO ORDERED.